Steven Stoufer, Pro Se
1120 Norman St 4
Anchorage, AK 99504
907-310-0135



RECEIVED

MAR 0 3 2021

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STEVEN STOUFER,

        Plaintiff,

v.

JOHN DOES 1-50, and

CITY OF ANCHORAGE, ALASKA,

        Defendants.

Case No.

JURY DEMAND

**COMPLAINT FOR DAMAGES**
**(42 U.S.C. Section 1983)**

    Plaintiff Steven Stoufer, for his complaint against Defendants John Does, and the City of Anchorage, Alaska states as follows:

**JURISDICTION AND VENUE**

    1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over plaintiff's causes of action arising under Alaska state law pursuant to 28 U.S.C. § 1367.

Complaint Page 1

2. Venue is appropriate because Defendant City of Anchorage is a city within the district boundaries for this Court, and all events and omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

3. Plaintiff Steven Stoufer is an adult citizen and resident of the City of Anchorage.

4. The Plaintiff believes the events and omissions giving rise to Plaintiff's claim were organized, authorized, and performed by John Does acting under color of law with the Anchorage Police Department. The John Does were acting covertly without any identifying uniform. Plaintiff seeks discovery to identify those involved and will request to amend complaint with the identifying information. The John Does are sued in their individual capacities.

5. Plaintiff thinks Defendant City of Anchorage is the employer of Defendant John Does.

**BACKGROUND**

6. This case arises from illegal activity that occurred during several interactive covert events (ICE) arranged against the Plaintiff by, the Plaintiff believes, the Anchorage Police. The actions taken during these events violated the Plaintiff's equal protection and due process constitutional rights.

7. On 11/28/17 as the Plaintiff was walking home from the grocery store, a person 1) ran at the Plaintiff and 2) said he would use a knife against the Plaintiff. The Plaintiff feared for his life. The person accompanying the attacker failed to take action to end the attack or the

planning of the murder attempt. The Plaintiff believes both people were working for the City of Anchorage and that this event was arranged by the City of Anchorage.

8. On 2/16/19 The Plaintiff was walking near a Russian Jack Park parking lot. A vehicle that had been parked perpendicular to the path the Plaintiff was walking, backed out of it's parking space and drove toward the Plaintiff. As the vehicle got within arms-length and thinking that the driver was going to hit the Plaintiff, the Plaintiff quickly changed direction and moved to the side of the vehicle. The Plaintiff got out of the way just in time to avoid the vehicle running the Plaintiff over.

9. On 8/17/18 while in an elevator with the Plaintiff, a person turned to the Plaintiff and said "So, black and blue". The Plaintiff understood these words to mean a bruising beating. In an attempt to defuse the situation the Plaintiff made no response. Over the past two months the Plaintiff had filed multiple complaints with the Department of Justice. The complaints discussed the events described in this complaint and also a recruitment attempt made to the Plaintiff to participate in a tribal disruption of the 2015 Glacier Conference, an event sponsored by the State Department. This hostile confrontation may have been retaliation for the complaints filed with the Department of Justice.

10. Over a period of several months during 2015 one or two John Does approached the Plaintiff while at a bus stop and asked for money approximately 12 times. Only the Plaintiff was asked for money. The final time the Plaintiff was asked for money, two people, who were not nearby when the Plaintiff was asked for money, moved next to the Plaintiff and began a violent argument with one another. The argument was about one of the two asking the other for money. This argument occurred next to the Plaintiff and seemed apparent to become physically

violent and the Plaintiff believed that the Plaintiff would be attacked. Nearby, two people aimed a phone at the Plaintiff and those involved in the ICE. Those two people seemed to be part of the event and were recording the event. They did not intervene to stop the violent behavior.

11. On 10/21/17 while at a grocery store, a person closely followed the Plaintiff around the store. The person was following the Plaintiff so often and so closely that the Plaintiff felt the person was stalking the Plaintiff and would decide to attack the Plaintiff. The Plaintiff had seen this person on many other occasions. The same person kept being assigned to stalk the Plaintiff.

## FIRST CAUSE OF ACTION
## 42 U.S.C. Section 1983, Equal Protection, Class of One

12. All prior allegations are restated here by reference.

13. Defendant John Does used the events, individually and collectively, described in this complaint to intentionally treat the Plaintiff differently than others similarly situated. There was no investigative value to the actions taken in the above described incidents. The John Does were motivated by illegitimate animus against the Plaintiff.

## SECOND CAUSE OF ACTION
## 42 U.S.C. Section 1983, Substantive Due Process, Inappropriate Use of Force

14. All prior allegations are restated here by reference.

15. Defendant John Does deliberately organized, authorized, and performed the events described above that violated the Plaintiff's Substantive Due Process right to life and liberty. John Does were under no threat of harm during these incidents. The John Does'

Complaint Page 4

Case 3:21-cv-00050-TMB   Document 1   Filed 03/03/21   Page 4 of 11

decision to use inappropriate force during these events resulted in arbitrary and egregious behavior.

### THIRD CAUSE OF ACTION
### Assault

16. All prior allegations are restated here by reference.

17. All of the events – attempted murder with knife, threatening to run over Plaintiff, violent comment/code word suggesting an attack will occur, asking for money and a violent argument, and stalked – put at least one person in an apparent and immediate position to harm the Plaintiff.

18. The events where the Plaintiff was threatened with a knife, threatened with a verbal code word, and asked for money, seemed to include other people, also acting covertly, who failed to intervene to stop or prevent the violent behavior.

19. Doe Defendants acted with malice and behaved with reckless disregard for the rights and safety of the Plaintiff. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

20. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

### FOURTH CAUSE OF ACTION
### Negligence

21. All prior allegations are restated here by reference.

22. Police officers, including Defendant John Does, have a duty to use reasonable care to prevent harm or injury to others. The Defendants did not exercise this duty of care. The

Defendants arranged violent menacing events instead of events designed to gather legitimate investigative information.

23. The events where Plaintiff was assaulted with a knife and was threatened with being run over were the result of negligent hiring and negligently assigning violent investigators to ICE. Violent investigators should not have been hired, but if they are hired they should be assigned to work with nonviolent investigators who can monitor the violent investigators.

24. The design of this complaint's events breached a duty to use reasonable care to prevent harm or injury. All of these events included a violent aspect – something completely unnecessary. A reasonable investigator should have realized the violent aspect to the ICE and modified the event to remove the violent aspect and include some action that would have investigative value.

25. The stalking event was negligently arranged by assigning the same person to constantly follow the Plaintiff around. Assigning the same person to follow someone around makes it obvious that the person is being stalked. John Does should assign different people to follow someone around. The person doing the stalking especially breached the duty to use reasonable care during the day listed above. About five times the menacing person came so close to the Plaintiff that the Plaintiff thought an attack was imminent. There was no investigative value in standing so close to the Plaintiff.

26. The events where the Plaintiff was threatened with a knife, was threatened with being run over, threatened with a verbal code word, and asked for money, seemed to include

other people, also acting covertly, who failed to intervene to stop or prevent the violent behavior.

27. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

28. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

## FIFTH CAUSE OF ACTION
### Conspiracy

29. All prior allegations are restated here by reference.

30. Defendants reached an agreement to violate the Plaintiff's rights with the ICE. Several John Does organized, authorized, and performed, for example, the attempted murder with a knife event. Several John Does also organized, authorized, and performed the event to ask the Plaintiff for money and to assault the Plaintiff. All of these events had essentially no investigative value. The lack of investigative value of the events suggests the Defendant John Does organized all of these events to violate the Plaintiff's rights.

31. Doe Defendants acted with malice and behaved with reckless disregard for the rights and safety of the Plaintiff. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

32. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

## SIXTH CAUSE OF ACTION
### Aiding and Abetting

33. All prior allegations are restated here by reference.

34. Defendants reached an agreement to violate the Plaintiff's rights with the ICE discussed in this complaint. Those John Does that performed ICE provided substantial assistance to the conspiracy to violate the Plaintiff's rights. When additional details of the covert events are revealed, the details may show that other John Does also provided substantial assistance to the conspiracy.

35. Doe Defendants acted with malice and behaved with reckless disregard for the rights and safety of the Plaintiff. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

36. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

## SEVENTH CAUSE OF ACTION
### 42 U.S.C. Section 1983 City of Anchorage
### Deliberately Indifferent Policies and Practices

37. All prior allegations are restated here by reference.

38. The City of Anchorage policies and practices were deliberately indifferent. A final policymaker who had policymaking authority about the actions of Defendant Does, ratified Defendant Does actions and the reasons for them.

39. The City acted deliberately indifferent to the safety of ICE targets when it permitted the hiring of violent investigators and assigning them to ICE. The covert characteristic of ICE makes the hiring of ICE investigators more important to evaluate. A violent investigator could commit a crime but the victim would not know who is responsible. The hiring for ICE requires safeguards restricting the hiring of violent investigators.

40. The City had deficient training policies. City employees received insufficient training about the effect ICE has on the target. Improved training about the effect of the events on the target would have prevented the violations described in this complaint. The training of what was legal and what was illegal for City employees to do during an ICE was deliberately indifferent. City employees frequently performed unlawful acts during arranged events. The employees training should have focused on how employees gather investigative information.

41. The supervisors of the City were deliberately indifferent to the effect of ICE on the target. Supervisor John Does organized and authorized the illegal ICE described in this complaint. These events had essentially no investigative value. The supervisors also participated in or were indifferent to the hiring of violent investigators and the significant risk of violence toward the target.

42. The City failed to adopt a policy or practice of not hiring violent investigators. The City also failed to adopt a policy requiring actions taken during ICE to have investigative value. Finally, the City failed to adopt a policy to train employees about the effect of ICE on the target of the event. Adopting any or all of these policies would have prevented the violations described in this complaint.

**EIGHTH CAUSE OF ACTION**
**IIED**

43. All prior allegations are restated here by reference.

44. The events in this complaint inflicted severe emotional distress on the Plaintiff. Over the past several years the Plaintiff's life has been significantly affected by the ICE. The Plaintiff has moved to avoid using bus stops – the location of several of the events. The stress

Complaint Page 9

from the events resulted in the Plaintiff losing a significant amount of weight. The stress of these events has also resulted in a loss of sleep and an erratic amount of sleep. The Plaintiff takes a circuitous route to increase the chance of avoiding an ICE. The Plaintiff has avoided interacting with others to reduce the chance of being affected by an ICE.

45. Doe Defendants acted with malice and behaved with reckless disregard for the rights and safety of the Plaintiff. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

46. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

## NINTH CAUSE OF ACTION
## Harassment, Intrusion into Seclusion, Alaska Constitution Article I, § 22

47. All prior allegations are restated here by reference.

48. The events described in this complaint were designed to violate the Plaintiffs right to privacy. None of these events had an investigatory purpose and were intended to harass and cause emotional distress to the Plaintiff.

49. Doe Defendants acted with malice and behaved with reckless disregard for the rights and safety of the Plaintiff. As a result of the acts of Defendant Does, Plaintiff suffered emotional distress, mental anguish, and pain.

50. The City is liable for Defendant John Does' wrongdoing, pursuant to AS § 09.65.070.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

A) In favor of plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

B) Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C) For an injunction requiring City of Anchorage to assign nonviolent investigators to events arranged against the Plaintiff;

D) For an injunction requiring any activities arranged by the City of Anchorage against the Plaintiff to have investigative value;

E) Award costs of suit incurred; and

F) Granting such other and further relief as this Court deems just and proper.

Dated: March 2, 2021

Respectfully submitted,

_____
Steven Stoufer

Complaint Page 11

Case 3:21-cv-00050-TMB   Document 1   Filed 03/03/21   Page 11 of 11