Meagan R Carmichael
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant – *City of Anchorage, Alaska*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STEVEN STOUFER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOES 1-50 and CITY OF ANCHORAGE, ALASKA, | ) ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:21-cv-00050-TMB |

**MOTION TO DISMISS**

Defendant Municipality of Anchorage (Municipality) moves the Court for an order dismissing the Complaint (Compl.) filed by Plaintiff Steven Stoufer (Stoufer) pursuant to Fed. R. Civ. P. 12(b)(6). Stoufer has not stated a claim upon which relief can be granted and his Complaint should be dismissed.

## I. FACTUAL ASSERTIONS BY STOUFER

Stoufer named the "City of Anchorage, Alaska" and "John Does 1-50" as the Defendants in his Complaint. While Defendant Municipality denies that any of the allegations brought by Stoufer have merit, the Court must assume that the statements are true for purposes of deciding this motion. Stoufer has several factual allegations.

Essentially, Stoufer "thinks Defendant City of Anchorage is the employer of Defendant John Does", and he claims that "[t]his case arises from illegal activity that occurred during several interactive covert events (ICE) arranged against the Plaintiff by, the Plaintiff believes, the Anchorage Police. The actions taken during these events violated Plaintiff's equal protection and due process constitutional rights." Compl. at ¶ 5, 6.

Stoufer claims that, on November 28, 2017, a person ran at him and said he use would a knife against him, and another person failed to take action. *Id*. at ¶ 7. Stoufer "believes both people were working for the City of Anchorage and that this event was arranged by the City of Anchorage." *Id*.

He claims that, on February 16, 2019, a vehicle drove toward him and he "got out of the way just in time" to avoid being run over. *Id*. at ¶ 8. Stoufer alleges that, on August 17, 2018, "a person turned to the Plaintiff and said, 'So, black and blue…' This hostile confrontation may have been retaliation for the complaints filed with the Department of Justice." *Id*. at ¶ 9.

He alleges that, "over a period of several months during 2015 one or two John Does approached the Plaintiff while at a bus stop and asked for money approximately 12 times."

*Id*. at ¶ 10. He claims an argument began, and "two people aimed a phone at the Plaintiff and those involved in the ICE." *Id.*

Finally, Stoufer alleges that, on October 21, 2017, a person closely followed him around a grocery store and "the Plaintiff felt the person was the stalking the Plaintiff and would decide to attack the Plaintiff… This same person kept being assigned to stalk the Plaintiff." *Id*. ¶ at 11.

## II.  STANDARD OF REVIEW

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted by the Court as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the plaintiff did not nudge his claims of invidious discrimination across the line from conceivable to plausible) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Bell Atl. Corp.,* 550 U.S. at 555. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id*. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). A pro se complaint may be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Haines v. Kerner*, 404 U.S. 519, 521(1972).

Stoufer has failed to allege facts that would state a plausible claim for relief and his Complaint should be dismissed.

### III. ARGUMENT

#### A. STOUFER HAS NO CLAIM FOR VIOLATION OF 42 U.S.C. §1983

Stoufer asserts claims pursuant to 42 U.S.C. §1983. He did not specify which of his facts allegedly support his claim. 42 U.S.C. §1983 created liability where a person who, under color of any statute, custom, or usage, causes any person within the jurisdiction of the United States deprivation of any federal rights, privileges or immunities secured by the Constitution and laws. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

In order to state a claim against the Municipality, Stoufer must "demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local government unit." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en

banc). The U.S. Supreme Court clearly rejected respondeat superior liability for local governments, reasoning that "the touchstone of the §1983 action against a government body is an allegation that official policy is responsible for a deprivation." *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 701 (1978) ("a Municipality cannot be held liable under §1983 on a respondeat superior theory.").

A plaintiff must identify a municipal policy, custom, or practice that caused the plaintiff's alleged constitutional injury. *Bd. of the Cty. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). At the very least, there must be an affirmative link between the policy and the particular constitutional violation alleged. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). The policy, practice or custom must have been the "moving force" behind the alleged constitutional injury. *Monell*, 436 U.S. at 694-695.

Stoufer has not articulated what policy or custom caused the Municipality to allegedly violate his rights, how such a policy was adopted by the Municipality, or how it represented an official policy. Stoufer has failed to appropriately plead a claim against the Municipality for a violation of §1983. *Huskey v. City of San Jose*, 204 F.3d 893, 904 (9th Cir. 2000) (deprivation of right, privilege or immunity secured by the Constitution and laws of the U.S. is a prerequisite for municipal §1983 liability) citing *Wilson v. Layne*, 526 U.S. 603 (1999) (the first step in evaluating a §1983 claim is to determine whether the plaintiff has alleged a deprivation of an actual constitutional right at all); *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

Stoufer fails to identify any policy or custom that would implicate liability for the Municipality and cannot identify an affirmative link between any policy and a particular constitutional violation. Further, absent any constitutional violations by an individual defendant, there can be no *Monell* liability. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) ("[A] public entity is not liable for §1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff.").

Stoufer's claims against the individual defendants have no merit, and therefore his claims against the Municipality cannot be sustained.

## B. STOUFER HAS NO CLAIM FOR VIOLATION OF 42 U.S.C. §1983 BASED ON SUPERVISORY CAPACITY

Stoufer has named Defendant Municipality in their capacity as "supervisors." Neither government officials nor the Municipality itself is vicariously liable for deprivation of rights. There is no respondeat superior liability under §1983, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. *See also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (There is no respondeat superior liability under §1983.); *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under §1983). *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (Supervisors aren't vicariously liable for constitutional violations under §1983.).

In order to pursue a §1983 claim against a defendant in their supervisory capacity, a plaintiff must demonstrate that defendants who hold supervisory positions personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Liability under §1983 may be imposed on a supervisor if: (1) the supervisor personally participated in the deprivation of constitutional rights, (2) the supervisor knew of the violations and failed to act to prevent them, or (3) the supervisor "implement[ed] a policy so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 825 (1994). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837.

In this case, Stoufer fails to demonstrate that municipal employees who hold supervisory positions personally participated in the deprivation of his rights. His entire Complaint is nothing more than vague and conclusory allegations concerning the

Motion to Dismiss
*Stoufer, Steven v MOA/APD*; Case No. 3:21-cv-00050-TMB
Page 7 of 11

involvement of supervisory personnel in civil rights violations, and therefore is not sufficient to state a claim against the Municipality. He cannot show that any municipal supervisors implemented any policy that is a "moving force" of any constitutional violation and his Complaint should be dismissed.

### C. THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The Complaint is subject to dismissal because the claims - whatever their nature here - are barred by the statute of limitations. Alaska Statute 9.10.070 bars actions for torts, personal injury and statutory liabilities "unless the action is commenced within two years of the accrual of the cause of action."

This Complaint was filed on March 3, 2021. However, all of the alleged events in Stoufer's Complaint took place on or before February 16, 2019. Accordingly, the Complaint was filed too late and should be dismissed.

### D. STOUFER HAS NO CLAIM FOR EXCESSIVE USE OF FORCE

Claims for excessive force may fall under state or federal law. AS 12.25.070; 42 U.S.C. §1983. Regardless of the source, such claims are subject to the two-year statute of limitations, starting from the date of the allegedly excessive use of force. "The limitations period for a §1983 claim is prescribed by the state statute of limitations for a personal injury action. In Alaska, the limitations period for person injury actions is two years. A personal injury claim accrues when a party knows or should know that he has a claim, ordinarily the date the alleged injury occurs." *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001) (citations omitted)). *See Richardson v. Municipality of Anchorage*, 360 P.3d 79, 85

(Alaska 2015) (finding the two-year statute of limitations ran from the date of the police's actions).

Stoufer brings his claim against defendant Municipality under 42 U.S.C. §1983. The claims therefore are subject to the statute of limitations generally applicable under state law for personal injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n. 5 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275, 276 (1985)). Under Alaska law, any such actions must be brought within two years. *See* AS 9.10.070. Stoufer's claims for excessive force are untimely and should be dismissed.

### E. STOUFER HAS NO EQUAL PROTECTION CLAIM

An equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Nothing in Stoufer's Complaint establishes intentional unlawful discrimination by the Municipality and his Complaint should be dismissed.

### F. STOUFER HAS NO ALASKA STATE CONSTITUTIONAL CLAIMS

A §1983 claim requires a violation of a federal constitutional right or law in order to state a claim. Stoufer cannot assert that his rights under the Alaska constitution are the basis for a §1983 claim. To date, no *Bivens* type action has been created against a state or its political subdivisions.

*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of

any statute conferring such a right. *Carlson v. Green,* 446 U.S. 14, 18-19 (1980). The Alaska Supreme Court has not provided such relief. *Vest. v. Schafer*, 757 P.2d 588, 1298 (Alaska 1988) (The Court refused to say that "unconstitutional legislation" was grounds for a §1983 lawsuit.), upheld in *Robison v. Francis*, 777 P.2d 202 (Alaska 1989). There is no individual claim for violation of the Alaska Constitution, "except in cases of flagrant constitutional violations where little or no alternative remedies are available." *Dick Fischer Dev. No. 2 v. State of Alaska, Dept of Admin.*, 838 P.2d 263, 368 (Alaska 1992). Stoufer has alleged alternative remedies. Therefore, his claim for violation of the Alaska Constitution should be dismissed.

### G. NONE OF STOUFER'S REMAINING CLAIMS HAVE ANY MERIT

Stoufer's Complaint should be dismissed in its entirety because he cannot state a claim for relief that is plausible on its face. He cannot nudge his claims across the line from conceivable to plausible. His Complaint does not even create a suspicion of a legally cognizable right of action.

Stoufer merely "believes" and "thinks" that the Municipality is somehow involved in arranging "interactive covert events" to follow him around and harass him. He has no evidence whatsoever to support his fanciful claims. This Court should discount his conclusory statements, which are not entitled to the presumption of truth, and determine that his claims are not plausible.

Stoufer has not plead any factual content that even remotely indicates that the Municipality is liable for any alleged misconduct. This Court should draw on its judicial

experience and common sense and find that Stoufer has no plausible claim for relief. Stoufer's Complaint should be dismissed because he cannot prove any set of facts in support of his claim which would entitle him to relief.

## IV. CONCLUSION

For all of the reasons set forth herein, the Complaint should be dismissed in its entirety.

Respectfully submitted this 19th day of April, 2021.

KATHRYN R. VOGEL
Municipal Attorney

By: s/*Meagan R. Carmichael*
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 1011071

Certificate of Service
The undersigned hereby certifies that on 04/19/2021, a true and correct copy of the foregoing was served on:

Steven Stoufer
1120 Norman St., 4C
Anchorage, AK 99504

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office